UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE RATLIFF,<br><br>    Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>    Defendants. | Case No. 17-cv-02155-EMC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 7 |

Plaintiff Lonnie Ratliff has filed a foreclosure-related action against multiple defendants (including but not limited to JP Morgan Chase Bank N.A.; EMC Mortgage LLC; and Homesales, Inc. (hereinafter "Appearing Defendants")), asserting claims ranging from wrongful foreclosure to violation of the federal Fair Debt Collection Practices Act. Currently pending before the Court is Mr. Ratliff's motion for a temporary restraining order ("TRO"). In the motion, Mr. Ratliff asks that the Court enjoin Homesales "from executing on the Writ of Possession [it obtained] with regard to the Front Unit at 2304 9th Avenue, Oakland, California 94606" – *i.e.*, to prevent his and his family's eviction from the front unit of the real property. Mot. at 2; *see also* Ratliff Decl., Ex. B (notice to vacate and underlying writ of possession obtained by Homesales). The Court held a hearing on Mr. Ratliff's motion on April 24, 2017. Having considered the papers submitted as well as the oral argument offered at the hearing, the Court hereby **DENIES** Mr. Ratliff's request for relief.

As a preliminary matter, the Court notes that Mr. Ratliff appears to have delayed in seeking emergency relief. As alleged in his complaint, the state court issued a judgment in favor of Homesales on March 14, 2017, and then a writ of possession for the real property at issue on March 20, 2017. *See* Compl. ¶¶ 53-53. Given these circumstances, Mr. Ratliff was well informed

of the likelihood of eviction and yet did not seek any relief from this Court until on or about April 24, 2017, on the eve of the eviction. Mr. Ratliff's undue delay in seeking relief warrants denial of a TRO. *See, e.g.*, *Burrows v. OneWest Bank*, No. C 12-00995 SBA, 2012 U.S. Dist. LEXIS 193340, at *5-6 (N.D. Cal. Apr. 5, 2012) ("conclud[ing] that Plaintiffs' undue delay constitutes laches and provides a basis for denying Plaintiffs' TRO Application").

In any event, the delay aside, to obtain a TRO, Mr. Ratliff must

> (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. Under the Ninth Circuit's "sliding scale" approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met.

*Id.* at *2-3. Here, Mr. Ratliff has failed to show even serious questions going to the merits.

First, Mr. Ratliff is asserting that there was a wrongful foreclosure but that foreclosure sale took place back in 2007 – *i.e.*, approximately ten years ago. Given this passage of time, Mr. Ratliff's action is arguably time barred. Mr. Ratliff's contention that he only recently discovered new facts showing that illegal conduct took place is not compelling. The forensic audit report that he has attached to his complaint (Exhibit G) indicates that it was prepared based on a publicly available online database. *See, e.g.*, *Cortez v. New Century Mortg. Corp.*, No. C 11-1019 CW, 2012 U.S. Dist. LEXIS 13469, at *13 (N.D. Cal. Feb. 3, 2012) (noting that "'equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim'").

Second, as Appearing Defendants argue, res judicata would also appear to be an obstacle to Mr. Ratliff's claims (at least as asserted against the Appearing Defendants). Mr. Ratliff filed two prior lawsuits asserting, in essence, wrongful foreclosure and lost at both the trial and appellate levels. While Mr. Ratliff has presented in this case a new factual theory in support of wrongful foreclosure (*i.e.*, an invalid securitization of his loan), it seems doubtful that this could overcome a res judicata defense. Res judicata covers not only claims that were actually asserted but also claims that could have been asserted. *See Vogel v. Cty. of San Mateo*, No. C 98-3352 SI, 1999

2

U.S. Dist. LEXIS 1409, at *13 (N.D. Cal. Feb. 9, 1999) (noting that, under California law, "'the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable'"); *Azam v. Bank of Am., N.A.*, No. SACV 12-1732-JLS (MLGx), 2015 U.S. Dist. LEXIS 186879, at *6 (C.D. Cal. Sep. 10, 2015) (same). As indicated above, Mr. Ratliff's new factual theory could have been presented in the earlier lawsuits since the forensic auditor looked at publicly available materials in opining that Mr. Ratliff's loan was improperly securitized.

Finally, even if the Court were to entertain Mr. Ratliff's new factual theory in support of wrongful foreclosure, he would face yet another obstacle. As he conceded at the hearing, his main argument is that Defendants lacked authority to foreclose on the real property at issue because his loan was transferred into a securitized trust *after* the trust closing date. *See* Mot. at 8. But, under California law, Mr. Ratliff's argument is dependent on the transfer being deemed void (and not just voidable) under the law that controls the trust or pooling/service agreement. *See, e.g.*, *Brewer v. Wells Fargo Bank, N.A.*, No. 16-cv-02664-HSG, 2017 U.S. Dist. LEXIS 53329, at *8-9 (N.D. Cal. Apr. 6, 2017) (explaining, *inter alia*, that, under the California Supreme Court's *Yvanova* decision, a borrower has standing to assert wrongful foreclosure only where a defect in assignment renders the assignment void, not just voidable). At least under New York law, a late transfer merely renders the transfer voidable and not void. *See id.* (noting that "the Second Circuit has held that such an improper transfer [*i.e.*, one past the closing date] renders an assignment merely voidable"). Because Mr. Ratliff has not provided argument or evidence in support of a void transfer (as opposed to a voidable one), he has not shown serious questions going to the merits.

Accordingly, Mr. Ratliff's motion for a TRO is denied.

///
///
///
///
///
///

3

Although the Court is thus denying the request for relief, it takes note of Appearing Defendants' agreement to convey to the sheriff or other law enforcement officer with authority to evict that the eviction is with respect to the front unit only, and not the rear unit.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: April 25, 2017

_____
EDWARD M. CHEN
United States District Judge