UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONNIE RATLIFF,

          Plaintiff,

    v.

MORTGAGE STORE FINANCIAL, INC., et al.,

          Defendants.

Case No. 17-cv-02155-EMC

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Docket No. 35

Plaintiff Lonnie Ratliff, Jr., filed this foreclosure-related action against multiple entities. Previously, four of those entities moved to dismiss, namely, JPMorgan Chase Bank, N.A.; Homesales, Inc.; EMC Mortgage, LLC; and Mortgage Electronic Registration Systems, Inc. The Court granted the motion in an order issued on July 6, 2017. The dismissal was with prejudice. *See* Docket No. 25 (order). Currently pending before the Court is Mr. Ratliff's motion for an extension of time to file a notice of appeal with respect to the Court's July 6 order.

Mr. Ratliff's motion is **DENIED** without prejudice. No final judgment has been entered in this case because, even though the claims against the above four defendants have been resolved, there are still claims pending against other defendants. Furthermore, neither Mr. Ratliff nor the four defendants have asked for entry of a final judgment as to the four defendants pursuant to Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b) (providing that, "[w]hen multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay[;] [o]therwise, any order or other decision . . . that adjudicates fewer than all . . . the rights and liabilities of fewer than all the parties does not end the action"). In the absence of a final judgment, the time to file a notice of appeal has not been triggered. *See Martinez v. Aero*

*Caribbean*, 577 Fed. Appx. 682 (9th Cir. 2014) (stating that, under "§ 1291, we have jurisdiction over appeals from 'final judgment[s] that dispose[] of all claims with respect to all parties'"); *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990) (stating that "[t]he only way the district court's November 14 judgment dismissing Brovold and Folkedahl could be final, and the Bank's notice of appeal effective, is if the court properly entered judgment under Fed. R. Civ. P. 54(b)"; "[a]bsent proper entry of judgment under Rule 54(b), an order that determines one claim in a multi-claim case, or disposes of all claims against one or more parties in a multi-party case, is not final and appealable").

This order disposes of Docket No. 35.


**IT IS SO ORDERED**.


Dated: August 22, 2017

_____
EDWARD M. CHEN
United States District Judge